IN THE UNITED STATERS DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

PABLO M. RIVERA

    PETITIONER

v.

WARDEN SPAULDING,

FEDERAL MEDICAL CENTER, DEVENS MA

    RESPONDENT                    CASE #

EMERGENCY MOTION IN SUPPORT OF PETITIONER'S 28 U.S.C.§2241

INTRODUCTION

    Now comes Pablo M. Rivera, the "Petitioner" in the above captioned matter, respectfully asking that his sentenced be modified to Home Confinement, because his sentence was executed in such a manner, with living arrangements and conditions which is conducive to the spread of the COVID-19 virus, resulting in his inability to social distance to avoid infection with the deadly disease, which in his case is applicable.

    Mr. Rivera is an Hispanic male, who medical experts have recently stated are more susceptible to contracting the COVID-19 virus. Mr. Rivera also suffers from asthma and high blood pressure, and as such increases the likelihood of infection which could be fatal.

-1-

The health care at the prison is inadequate because of the nature of the virus, for example if Mr. Rivera should show symptoms he will be confined to one of the Bureaus's disciplinary unit for observation.

We ask that the court finds that Mr. Rievra's potential exposure to the virus, is an exceptional circumstance, which warrants transferring him to serve the remainder of his sentence in Home Confinement

JURISDICTION

A "motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions"" See Rodriguez v. Martinez 935 F. Supp. 389, 395 (D. Mass. 2013). Therefore, Mr. Rivera's challenge is based on his inability to social distance at the prison, as a result of the imminent spread of the COVID-19 virus.

The living conditions which involves him sharing a cube with another inmate is putting him in a position to contract the virus, amongst many other living complications. These are the complaints he brings forward in his pleading which fits squarely in a §2241 petition.

The district court, which was the sentencing court, would have had no jurisdiction over a true Section 2241 petition.

Section 2241 provides a remedy for a federal prisoner who contests the conditions of his confinements, that motion must ordinarily be filed and heard by the district court in whose jurisdiction the petitioner is confined. See See Regg v. Drew LEXIS 8683 at 6 (1St. Cir. 2005).

Mr.Rivera Does Not Need to Exhaust The Administrative Remedy

Mr. Rivera filed a request with the case manager on April 7, 2020,(EXHIBIT 1) requesting that he be released to serve the remainder of his sentence in Home Confinement, and as of the filing of this motion the case manager has not responded. He cannot exhaust his administrative remedy because in doing so he will not be able to obtain the relief he requested. The COVID-19 virus is a global pandemic and the United States is now the world epicenter. The prison is located in Fort Devens MA, a state which the President Of the United States, has declared as a disaster area.

In Portela-Gonzalez v. Secretary of the Navy, 109 F.3d 74, 77 (1st Cir. 1997) and quoting McCarthy V. Madigan, 503 U.S. 140, 146 112 S. Ct. 1081(1992) said, "If the situation is such that "a particular plaintiff may suffer irreparable harm if unable to secure immediate Iludicial consideration of his claim: exhaustion may be excused even though: the administrative decision making schedule is otherwise reasonable and definite". Mr Rivera avers that any attempt to pursue administrative or exhaust it will be futile, because a spread of the virus at the prison camp is imminent. According to the Governor of Massachusetts, the peak should be approaching within ten days, and this is Mr. Rivera'

cause for respectfully seeking urgency and dispatch.

FACTUAL BACKGROUND:

On May 17, 2017 the United States attorney filed a criminal information charging Mr. Rivera with one count of wire fraud. Om May 15, 2017, Mr. Rivera appeared before United States Magistrate Judge Barry M. Kurren for a change of plea pursuant to a plea agreement with the United States.

On January 8, 2018, the district court sentenced Mr. Rivera to a term of 115 months imprisonment, to be followed by three years of supervised release.

On April 6, 2020 Mr. Rivera filed a request with the Case Manager Mr. Noel, of the institution where he is imprisoned to be considered for Home Confinement under criteria set by AG Barr and the CARES Act.

EXCEPTIONAL CIRCUSTANCES:

In the Commonwealth of Massachussets, as of the filing of this motion, more than 20,974 individuals have tested positive for the virus, resulting in at least 800 deaths. The majority of Bay State residents infected live in Middlesex, Suffolk, Norfolk, Worcester and Plymouth counties. FCP Devens is located in the heart of one of those counties.

According to the Word Health Organization, the population most at risk of suffering a severe form of the disease include "older people, and those with underlying medical problems like cardiovascular diseas, diabetes, asthma and high blood pressure."

The CDC has explained similar underlying medical conditions

expose certain individuals to contacting the virus. Mr. Rivera is 44 years old and is Hispanic, he is Asthmatic and he has high blood pressure along with having previously contracted pnemonia (making him more susceptible to pnemonia).Those patients that have been infected with COVID-19 and contracted pnemonia have had a very low survival rate. The United States Surgeon General, and the White House Corona Virus task force have also stated that Hispanic Americans who contact the virus are more likely to die.

As one public health expert has explained: "if you wanted to set up a situation that would rpomote rapid transmission of a respiratory virus, you would say prison: the living arrangements here at Devens, is designed in such a way that there are two inmates to each cube, they share a very small space the inmates also share a communal shower and toilet(s), which are not maintained in a manner by the inmates, to avoid the spread of the COVID-19 virus.The keyboards which are used by approximately 105 inmates are not maintained by the current CDC standards, these are the inmates responsibility but it is very difficult to enforce sanitation in this clustered environment, which includes many different cultural practices.

The CDC, The White House Corona Virus task force and the Commonwealth of Massachussets have recommended social distancing; which is impractical in this prison environment at FPC Devens.

Although the Warden has made a comprehensive effort to provide the inmates with masks, because of the national shortgage the inmates are required to wear their mask for 10 consecutive

days.

Other experts describe the possibility of "accelerated transmission and poor health outcomes of patiens with COVID-19 in prisons and jails as "extraordinary high" due not only to the close quarters to which the inmates reside, but also the quality and quantity of available medical care; which is inadequate because of the nature of the virus..

The fact that hudnreds of individuals from staff to new arrestees enter and leave detention facilities daily. These dangers are not theoretical. During COVID-19 outbreak in China, prisons became hotbeds of infection despite stringent control measures and press reports indicate that the same is not happening in Federal Prisons throughout the country and therefore, Fort Devens is not immune from the disease. It is simply a matter of time before the disease gets a hold of the inmate population at the camp, and to say it bluntly, if Mr. Rivera was to contract the virus ;he will die.

Attorney William Barr has directed the Bureau of Prisons to start releasing at risk inmates, based on certain Criteria as follows:See EXHIBIT 2

.The security level of the facility currently holding the inamte, with priroty given to inmates residing in low and minimum security facilities;

.The inmate's conduct in prison, with inmates who engaged in violent or gang related activity in prison or who have incurred a BOP violation within the last year not receiving priority

treatment under this Memorandum;

.Whether the inmate has demonstrated and verifiable re-entery plan that will prevent recividism and maximum public safety, including verfciation that the conditions under which the inmate would be confined upon release would present a lower risk of contacting than the inamte would face in his or her BOP facility;

.The inmate's crime of conviction, and assessment of the danger posed by the inmate to the community. Some offenses, such as sex offenses shoudl weigh more heavily against consideration for home detention.

Mr. Rivera has a PATTERN risk score of minimum and meets all other requirements, but he was not selected by the BOP for Home Confinement.

Other courts have been releasing federal prisoners because of the imminent risk of contracting the virus See **United States v. Zuckerman** (S.J.) N.Y. April 3, 2020) modifying defendants sentence to replace his outstanding term of imprisonment with an equal period of home confinement), See United States v. Campagna, 2020 WL 1489828 (S.D. N.Y. Mar. 27 2020) modifying defendant's sentence to replace his outstanding term of imprisonment with and equal period of home incarceration), **United States v. Foster** No. 1:14-cr-324-02 (MD Pa. Apr. 3, 2020) ("The circumstances faced by our prison system during this highly contagious, potentially fatal global pandemic are unprecedented. It is no stretch to call this environment "extraordinary and compelling", and we well believe

that, should we not reduce Defendant's sentence, Defendant has a high likelihood of contracting COVID-19 from which he would "not be expected to recover" USSG§ 1B1.13. No rationale is more compelling or extraordinary) also see <u>United States v. Rodney W. Russell</u>, 1:12-cr-16-JAW-2 (D. ME Mar. 2020), Mr. Russel complained that the conditions at Fort Devens Prison Camp as "exceptional circumstances" based on the living arrangements and the decrepit health care. The District Court agreed and released him on bond pending appeal.

RELIEF REQUESTED

Mr. Rivera respectfully requests that the court releases him to Home Confinement, where he will serve the remainder of his sentence at his parent's residence at 605 Main Street, East Haven, CT 06512, phone (203)468-0866. He states that due to the fact that he cannot practice social distancing at the prison, his apparent risk to contacting the virus as it rapidly spreads throughout the Bureau of Prisons, See EVOLVING STATISTICS ENCLOSED, he respectfully ask that this court exercise its discretion and jurisdiction and find that the prison conditions, although, no fault of the Warden, allows him to serve the remainder of his sentence under Home Confinement.

Respectfully Submitted,

Pablo M. Rivera

Federal Medical Center, Devens MA

P.O. Box 879

Ayer, MA 01432

April 13, 2020

CERTIFICATE OF SERVICE

I Pablo M. Rivera, certify that on April 13, 2020 I mailed a copy of this motion by First Class Mail, United States Postal Service, to the Clerk of Courts for filing and the government will be notified electronically.

Respectfully

Pablo M. Rivera

April 13, 2020

# EXHIBIT ONE