UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PABLO M. RIVERA,

       Petitioner,

       v.

RADM Spaulding Federal Medical Center
Devens, MA,

       Respondent.

\*
\*
\*
\*
\*
\*
\*
\*
\*

C.A. No. 20-10776-ADB

MEMORANDUM AND ORDER

BURROUGHS, D.J.

Petitioner Pablo M. Rivera, an inmate confined to FMC Devens, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate release to home detention in light of the ongoing COVID-19 pandemic.  Petition ("Pet."), Dkt No. 1.  Rivera also filed an Emergency Motion in Support of Petitioner's 28 U.S.C. § 2241. Emergency Motion ("Emer. Mot.), Dkt No. 2.  The petition names Rear Admiral Spaulding, Warden at FMC Devens, Respondent.

The petition has not been served so that this Court may review the petition to determine whether the respondent should be required to reply.  *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1]  A petition

---

[1] *See also* Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition").  Rule 4 may be applied at the discretion of the district court to other habeas petitions.  *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Petitioner pled guilty to one count of wire fraud and was sentenced on January 8, 2018, in the United States District Court for the District of Hawaii to 115 months imprisonment.  *See* Pet. at ¶ 4, Emer. Mot. at p. 4.   Rivera's projected release date is January 27, 2026 *See* https://www.bop.gov/inmateloc/ (last visited on April 21, 2020).

In his petition, Rivera contends that the "living arrangements at the camp is conducive to the spread of COVID-19 which exposes you to the virus, resulting in possibly death." Pet. at ¶ 6. He explains that "the sanitation of the unit is conducive to the spreading of the virus and my living quarters is shared with another inmate, with hardley (sic) any standing room." *Id* at ¶ 13.  Rivera seeks to serve the remainder of his sentence under home confinement so that he "can practice social distancing and shelter in place." *Id* at ¶ 13.

After closely reviewing Rivera's petition and supporting motion, the Court finds that the petition must be denied without prejudice.  Here, there is no indication that Rivera presented his request to FMC Devens or the Federal Bureau of Prisons.  Before a prisoner may seek habeas relief under § 2241, he must first exhaust his administrative remedies within the Bureau of Prisons. Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

2

In addition, exhaustion of the available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Woodford*, 548 U.S. at 89.

While the Court is sympathetic to Rivera's desire to pursue the possibility of home confinement in light of the COVID-19 pandemic, and particularly to his desire to move as quickly as possible with respect to his request, Rivera's petition is subject to dismissal.

This Court cannot utilize 18 U.S.C. § 3582(c)[1] to modify a sentence that it did not impose. Nor may the Court consider a request for habeas relief when it appears that Rivera has not pursued available administrative remedies prior to filing this petition. Rivera must give the respondent an opportunity to consider his request before seeking relief in this Court.

Accordingly,

1.      The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied without prejudice.

2.      The emergency motion in support of petitioner's 28 U.S.C. § 2241 petition is denied as moot.

3.      The Clerk shall enter a separate order of dismissal.

**So Ordered.**

　/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
United States District Judge

Dated: April  22, 2020

---

[1] A motion for modification of an imposed term of imprisonment should be made to the Court that sentenced Rivera, not this Court. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence).